UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN ELLIOTT CUNNINGHAM,

        Petitioner,

v.

        Case No. 4:15-CV-13049
        Honorable Linda V. Parker

THOMAS WINN,

        Respondent.
_____/

**OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.    Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Ryan Elliott Cunningham ("Petitioner") pleaded guilty in the Circuit Court for Jackson County, Michigan, to operating/maintaining a Methamphetamine lab,[1] possession of a short barreled shotgun,[2] unlawful driving away of an automobile,[3] felon in possession of a firearm,[4] and third-degree fleeing and eluding a police

---

[1] Mich. Comp. Laws § 333.7401(c)(2)(f).

[2] Mich. Comp. Laws § 750.224b.

[3] Mich. Comp. Laws § 750.413.

[4] Mich. Comp. Laws § 750.227f.

officer.[5] In 2013, Petitioner was sentenced, as a third habitual offender, to twelve (12) to forty (40) years imprisonment on the Methamphetamine lab conviction and concurrent terms of three (3) to ten (10) years imprisonment on each of the other convictions. In his petition, he raises claims concerning the validity of his plea and the effectiveness of counsel, the scoring of an offense variable of the state sentencing guidelines, and the use of judicially-found facts at sentencing. For the reasons set forth below, the Court is dismissing without prejudice the petition for a writ of habeas corpus. The Court also is denying Petitioner a certificate of appealability and leave to proceed in forma pauperis on appeal.

## II.    Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000);

---

[5]Mich. Comp. Laws § 257.602(A)(3)(a).

*see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). In Michigan, the claims must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

     The record before the Court indicates that Petitioner presented his first two habeas claims (concerning the validity of his plea/the effectiveness of trial counsel and the scoring of an offense variable) to the state courts on direct appeal of his convictions, but did not present his third habeas claim (concerning judicially-found facts at sentencing) to the state courts for review. Petitioner has thus failed to properly exhaust all of his claims in the state courts before proceeding on federal habeas review.

     Petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile, in that he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500. The unexhausted sentencing claim should be addressed to, and considered by, the state courts in the first instance. Otherwise, this federal habeas court cannot apply the standard found at 28 U.S.C. § 2254.

Generally, a federal district court should dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of state court remedies would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state remedies).

A federal court also has the discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance, however, is available only in "limited circumstances." *Id.* at 277. Specifically, there must be good cause for the petitioner's failure to exhaust the claims, the unexhausted claims must not be "plainly meritless," and the petitioner must not have "engaged in intentionally dilatory litigation tactics."

4

*Id.* at 278. Moreover, the *Rhines* Court adopted the procedure specifically to address the situation where outright dismissal of the habeas petition would jeopardize the timeliness of a future petition. *Id.* at 275 (noting that if court dismissed habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period [ran would be] slim."). Thus stay-and-abeyance generally is reserved for those cases where AEDPA's one-year limitations period has expired or will likely expire before the petitioner has the opportunity to return to state court to exhaust additional claims and then, if necessary, return to federal court to file a new habeas petition. *See, e.g., Moore v. Hofbauer*, No. 07-10687, 2007 WL 3173968, at *2-3 (E.D. Mich. Oct. 16, 2007). As one district court has summarized:

> A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."

*Strickland v. Berghuis*, 13-cv-10350, 2013 WL 2482895, at *1 (E.D. Mich. June 10, 2013) (quoting *Rhines*, 544 U.S. 269, 278 (2005)). Petitioner does not show the need for a stay.

First, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose

5

a problem for Petitioner as long as he promptly pursues his state court remedies. The Michigan Supreme Court denied Petitioner leave to appeal on December 30, 2014. *People v. Cunningham*, 497 Mich. 948, 857 N.W.2d 47 (2014). The one-year limitations period did not begin to run until 90 days later on or about March 30, 2015. *See Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1). Petitioner filed his undated federal habeas petition on August 25, 2015. Thus, just under five months of the one-year period had run when Petitioner instituted this action. While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), such time is equitably tolled. *See Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Petitioner therefore has sufficient time to seek collateral review of his unexhausted claim in the state courts and then to return to federal court on a perfected petition.

Second, while there is no indication that Petitioner has engaged in "intentionally dilatory tactics," he does not allege good cause for failing to fully exhaust all of his claims in the state courts before seeking relief in federal court. While Petitioner may have discovered a new legal basis for his judicial fact-finding claim, he offers no reason for failing to pursue the matter on collateral review in the state courts before filing his habeas petition. Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted available state court remedies as to all of his habeas claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Should Petitioner wish to delete the unexhausted claim and proceed only on the fully exhausted claims, he may move to re-open this case and amend his petition to proceed only on the exhausted claims within thirty (30) days of the filing date of this order. The Court makes no determination as to the merits of his claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to

proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**SO ORDERED**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 2, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 2, 2015, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager