UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN ELLIOTT CUNNINGHAM,

        Petitioner,

                                      Case No. 15-cv-13049

v.                                 Honorable Linda V. Parker

THOMAS WINN,

        Respondent.

_____/

## OPINION & ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I.    Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  In September 2012, Michigan prisoner Ryan Elliott Cunningham ("Petitioner") pleaded guilty in the Circuit Court for Jackson County, Michigan, to the following: operating/maintaining a meth lab in violation of Mich. Comp. Laws § 333.7401(c)(2)(f); possession of a short-barreled shotgun in violation of Mich. Comp. Laws § 750.224b; unlawful driving away of an automobile in violation of Mich. Comp. Laws § 750.413; felon in possession of a firearm in violation of Mich. Comp. Laws § 750.227f; and, third-degree fleeing and eluding a police officer in violation of Mich. Comp. Laws § 257.602(A)(3)(a).  In 2013, the trial

court sentenced Petitioner as a third habitual offender under Mich. Comp. Laws § 769.11 to 12 to 40 years imprisonment on the meth lab conviction and concurrent terms of 3 to 10 years imprisonment on each of the other convictions in 2013.  In his petition, as amended to proceed only on exhausted issues, Petitioner raises claims concerning the validity of his plea, the effectiveness of counsel, and the scoring of the state sentencing guidelines.  For the reasons set forth below, the Court is denying Petitioner's request for habeas relief.  The Court also is denying Petitioner a certificate of appealability and leave to proceed in forma pauperis on appeal.

## II.    Facts and Procedural History

Petitioner's convictions arise from the December 23, 2011 police search of a hotel room in Blackman-Leoni Township, Jackson County, Michigan, and Petitioner's flight from the scene in a police car.  The hotel room was registered to Petitioner's girlfriend, Alicia Sutherland.  The police were looking for Ms. Sutherland as part of a stolen car investigation.  Police officers observed the car in the hotel parking lot and obtained Ms. Sutherland's room number from the hotel manager.  They knocked on the door, but no one answered.  They obtained a key from the hotel manager, but it would not open the door.  A hotel maintenance man

then accompanied the officers to the room and tried the key as well, but the door would not open.

The maintenance man then opened a window next to the hotel room's door and pushed back the curtain. They saw Ms. Sutherland standing in the room. The officers asked Ms. Sutherland to open the door and inquired about the car. She indicated that a naked man was in the room. The officers then saw Petitioner in the room. They asked him to open the door, but he refused. The officers threatened to pepper spray him if he did not open the door.

Petitioner continued to refuse and a police officer then pepper sprayed him. When the officer moved the window curtain back, Petitioner was pointing a black gun at him. The officer yelled "gun" and the police drew their weapons. Petitioner then said the gun was fake, unlocked the door, and both he and Ms. Sutherland laid on the floor. The officers ordered them to crawl out of the room and they complied. The officers handcuffed Petitioner and Ms. Sutherland and conducted a cursory safety check of the room.

After being handcuffed, Petitioner was put in a police car. He then stole the car and drove away. A high-speed chase ensued. It appears from the record before this Court that Petitioner eventually was apprehended near the Ohio border by

police officers and/or a Michigan State Police trooper who had joined the pursuit.
The stolen police car was recovered in damaged condition.

In the meantime, police detectives were summoned to the hotel room.  When
they arrived, they spoke to Ms. Sutherland and she signed a written consent for a
search of the hotel room.  During the search, the detectives discovered meth lab
equipment and materials, a black pellet gun, and a short-barreled shotgun, which
was determined to have been purchased by Petitioner's mother.

During the pre-trial period, defense counsel moved to suppress the evidence
seized during the search and for dismissal of the charges alleging that the police
violated Petitioner's constitutional rights.  The prosecutor filed a response
contending that Petitioner lacked standing to challenge the search.  The trial court
denied the motion without prejudice.

According to Petitioner's affidavit, defense counsel then advised him that to
proceed with the suppression motion, he would have to sign an affidavit stating
that he shared in the expense of the hotel room, which also would be an admission
to ownership of the contraband found in the room and he would not prevail.  Based
upon counsel's advice, Petitioner decided to tender his plea.

On September 28, 2012, Petitioner pleaded guilty to operating a meth lab,
possession of short-barreled shotgun, felon in possession of a firearm, unlawful

driving away of an automobile, and fourth-degree fleeing and eluding.  Petitioner also admitted to being a third habitual offender and agreed to pay restitution in exchange for the dismissal of possession of related methamphetamine and felony firearm charges and an unrelated inmate weapon possession charge.  At the plea hearing, Petitioner acknowledged that he understood the terms of his plea, the maximum sentences he could face, and the rights he was giving up by pleading guilty.  Petitioner twice confirmed he was pleading guilty freely and voluntarily. He also signed an advice of rights form and provided a factual basis for his plea.

On January 10, 2013, the trial court imposed an initial sentence.  Petitioner then moved for re-sentencing.  On August 15, 2013, the trial court conducted a hearing and re-sentenced Petitioner to 12 to 40 years imprisonment on the meth lab conviction and concurrent terms of 3 to 10 years imprisonment on each of the other convictions with credit for 600 days served.

Petitioner subsequently moved to withdraw his plea alleging that trial counsel failed to properly litigate the suppression motion and was ineffective in advising him to plead guilty and that the trial court erred in scoring Offense Variable 14 of the state sentencing guidelines.  On March 14, 2014, the trial court conducted a hearing and denied the motion.  Citing the *Strickland* standard, the trial court ruled that Petitioner failed to show that but for counsel's advice, he

would not have entered his plea and would have insisted on going to trial.  The trial court also ruled that even if the scoring of Offense Variable 14 were changed it would not alter the guideline range or require re-sentencing.  Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims, which was denied "for lack of merit in the grounds presented." *People v. Cunningham*, No. 320997 (Mich. Ct. App. July 8, 2014).  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which the Court denied in a standard order.  *People v. Cunningham*, 857 N.W.2d 47 (Mich. 2014).

Petitioner thereafter filed his federal habeas petition.  In his pleadings, as amended to proceed only on exhausted issues, he raises claims concerning the validity of his plea, the effectiveness of counsel, and the scoring of the state sentencing guidelines.

## III.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions.  The AEDPA provides in relevant part:

>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.' " *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of [the] petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n

order for a federal court to find a state court's application of [Supreme Court] precedent unreasonable, the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been objectively unreasonable."  *Wiggins*, 539 U.S. at 520-21 (internal quotation marks and citations omitted); *see also Williams*, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'"  *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).  A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id.*  Thus, in order to obtain federal habeas

8

relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.; see also White v. Woodall*, _ U.S. _, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated

9

on the merits.' " *Harrington*, 562 U.S. at 100.  Furthermore, it "does not require

citation of [Supreme Court] cases–indeed, it does not even require *awareness* of

[Supreme Court] cases, so long as neither the reasoning nor the result of the state-

court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also*

*Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by

Supreme Court precedent.  Thus, "circuit precedent does not constitute 'clearly

established Federal law, as determined by the Supreme Court,'" and "[i]t therefore

cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567

U.S. _, 132 S. Ct. 2148, 2155 (2012) (per curiam); *see also Lopez v. Smith*, _ U.S.

_ 135 S. Ct. 1, 2 (2014) (per curiam).  Nevertheless, the decisions of lower federal

courts may be useful in assessing the reasonableness of the state court's decision.

*Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*,

340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359

(E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal

habeas review.  28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption

with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360-61 (6th

Cir. 1998).  Habeas review is also "limited to the record that was before the state

court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

10

## IV.    Discussion

### A.    Involuntary Plea/Ineffective Assistance of Counsel Claim

Petitioner first asserts that he is entitled to habeas relief because he was coerced into taking a plea and trial counsel was ineffective for failing to pursue the suppression motion and advising him to plead guilty.  Respondent contends that this claim lacks merit and does not warrant habeas relief.

When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily. *United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969).  A plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel.  *Id.* at 756.  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  *Id.* at 748.  A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea.  *Brady v. United States*, 397 U.S. 742, 755 (1970).  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  *Id.* at 749.

In this case, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented.  The state court's decision is neither contrary to

11

Supreme Court precedent nor an unreasonable application of federal law or the facts. The state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary.  Petitioner was 35 years old at the time of his plea and was familiar with the criminal justice system.  There is no evidence that he suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or his plea.  Petitioner was represented by legal counsel and conferred with counsel during the plea process.  The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty.  The parties discussed the charges, the terms of the plea agreement, and the consequences of the plea.  Petitioner indicated that he understood the plea agreement and wanted to plead guilty, that he had not been threatened or promised anything other than what was included in the agreement, and that it was his desire to plead guilty.  He is bound by those statements.  *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999).  There is no evidence of coercion.  The fact that Petitioner was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary.  *See Brady*, 397 U.S. at 757.  A defendant is not entitled to withdraw a plea "merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Id*.

12

Petitioner also fails to show that trial counsel was ineffective in advising him about his case and plea bargain.  The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel.  First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness."  *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).  To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 59.  The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial."  *Id*.  The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without

13

regard for the 'idiosyncracies of the particular decisionmaker.' " *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, 562 U.S. 115, 125 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

To the extent Petitioner asserts that trial counsel was ineffective for failing to pursue the suppression motion or take other action during the pre-plea period, he is not entitled to relief. It is well-settled that claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea are

14

foreclosed by the plea. *United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  The Supreme Court has explained:

[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards]. *Tollett*, 411 U.S. at 267.  Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea.  In such a case, a reviewing court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary.  *Broce*, 488 U.S. at 569.  Accordingly, Petitioner's claim that counsel was ineffective for failing to take certain actions during the pre-trial period is foreclosed by his plea and does not warrant relief.

Petitioner further asserts, however, that counsel was ineffective in advising him about the suppression motion, which led to his decision to plead guilty.  In particular, Petitioner asserts that counsel misadvised him about his standing to contest the search of the hotel room because counsel told him that he would have

to sign an affidavit stating that he paid for part of the room, which would have been an admission that he possessed the contraband discovered in the room.

It is true that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted). Petitioner, however, fails to establish that counsel did not investigate his case or was deficient in  advising him to accept a plea.  Counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the charges against Petitioner, the evidence presented at pre-trial hearings, the uncertainties associated with the suppression motion, and the lack of a defense (absent success on the suppression motion).  Counsel also was able to secure the dismissal of three charges, including a felony firearm charge and its corresponding two-year consecutive sentence, during the plea process.

Petitioner also fails to demonstrate that counsel's advice was unreasonable. To establish standing to challenge the search, Petitioner would have had to show that he had a reasonable expectation of privacy in the hotel room.  *See Bond v. United States*, 529 U.S. 334, 338 (2000); *see also People v. Perlos*, 436 Mich. 305,

16

317-18, 462 N.W.2d. 310 (1990).  Specifically, he would have had to show that he

had "an actual (subjective) expectation of privacy" in the room and that his

expectation was "one that society is prepared to recognize as reasonable."  *Smith v.*

*Maryland*, 442 U.S. 735, 740 (1979); *United States v. Lanier*, 636 F.3d 228, 231

(6th Cir. 2011).  To do so, he would have had to prove that he was an occupant of

the room, not a mere visitor or social guest.  *See Stoner v. California*, 376 U.S.

483, 490 (1964); *United States v. Caldwell*, 518 F.3d 426, 429 (6th Cir. 2008); *see*

*also People v. Davis*, 442 Mich. 1, 10, 497 N.W.2d 910 (1993); *People v. Parker*,

230 Mich. App. 337, 340-41, 584 N.W.2d 336 (1998).  He could have done this in

several ways, including by showing that he paid for the room, that he was staying

in the room overnight, or that he kept belongings in the room.  In doing so,

however, he likely also would have linked himself to the contraband found in the

room—making a defense to the charges more difficult should the suppression

motion fail.

Furthermore, even assuming Petitioner had standing to challenge the search,

he fails to show that a suppression motion would have been successful.  He merely

alleges that the search was invalid because the police did not have a warrant, but

offers no evidence or legal arguments, other than bare assertions, to support such a

claim.  Conclusory allegations are insufficient to warrant habeas relief.  *See, e.g.,*

*Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178

17

F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for evidentiary hearing on habeas review).

Additionally, while the police apparently did not have a warrant to search the hotel room, the record shows Ms. Sutherland, the registered occupant of the hotel room, consented to the search.  Consent is an exception to the warrant requirement.  *Schneckloth v. Bustamonte*, 412 US. 218, 219 (1973); *Caldwell*, 518 F.3d at 429.  Consent by one occupant of a hotel room is sufficient to authorize a police search of the room.  *United States v. Matlock*, 415 U.S. 164, 170-71 (1974); *United States v. McGee*, 564 F.3d 136, 139 (6th Cir. 2009); *Caldwell*, 518 F.3d at 430.  It is thus unlikely that a suppression motion based upon the lack of a warrant would have been successful.

Given the charges against Petitioner, the evidence at the preliminary examination, and the uncertainties of a suppression motion, trial counsel acted reasonably in advising Petitioner about his case and pursuing a plea bargain. Petitioner also has not shown that but for counsel's advice, he would not have pleaded guilty and would have insisted on going to trial.  Petitioner fails to establish that trial counsel was ineffective under the *Strickland/Hill* standard.  The

18

Court is  satisfied that Petitioner's plea was knowing, intelligent, and voluntary. Habeas relief is not warranted on this claim.

### B.    Sentencing Claim

Petitioner also asserts that he is entitled to habeas relief because the trial court erred in scoring the state sentencing guidelines.  Respondent contends that this claim is not cognizable upon habeas review and lacks merit.

A sentence imposed within the statutory limits is generally not subject to federal habeas review.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  Claims which arise out of a state trial court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.  *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).  Petitioner's sentences are within the statutory maximums for a third habitual offender.  *See* Mich. Comp. Laws §§ 333.7401(c)(2)(f), 750.224b, 750.413, 750.227f, 257.602(A)(3)(a), 769.11.  Consequently, his sentences are insulated from habeas review absent a federal constitutional violation.

The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented.  The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner's claim that the trial court erred in scoring Offense Variables 14 of the

19

state sentencing guidelines is not cognizable on habeas review because it is a state

law claim.  *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state

court's alleged misinterpretation of state sentencing guidelines . . . is a matter of

state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th

Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue

not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647,

656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich.

2001).  Any alleged error in scoring the Offense Variable 14 (or any other variable)

and determining the sentencing guideline range does not justify federal habeas

relief.

Additionally, to the extent Petitioner contests the state court's interpretation

of state law regarding the scoring of the offense variables and the application of

that law, he is not entitled to relief.  It is well-settled that "a state court's

interpretation of state law, including one announced on direct appeal of the

challenged conviction, binds a federal court sitting on habeas review."  *Bradshaw

v. Richey*, 546 U.S. 74, 76 (2005); *see also Mullaney v. Wilbur*, 421 U.S. 684, 691

(1975) (state courts are the final arbiters of state law); *Sanford v. Yukins*, 288 F.3d

855, 860 (6th Cir. 2002).  State courts are the final arbiters of state law and the

federal courts will not intervene in such matters.  *Lewis v. Jeffers*, 497 U.S. 764,

780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).  Habeas relief does

20

not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner thus fails to state a claim upon which relief may be granted as to this issue.

Petitioner also seems to assert that his sentence violates federal due process. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Petitioner makes no such showing. The record reveals that he had a sentencing hearing and a re-sentencing motion before the state trial court with an opportunity to challenge the scoring of the guidelines. Petitioner also presented his sentencing issues to the state appellate courts and was denied relief. Petitioner fails to establish that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. No due process violation occurred. Habeas relief is not warranted on this claim.

21

## V.    Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims.  Accordingly, the Court is denying with prejudice his petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Petitioner makes no such showing.  Accordingly, the Court is denying Petitioner a certificate of appealability.  The Court also is denying Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Petitioner is denied a certificate of

appealability and leave to proceed in forma pauperis on appeal.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: April 5, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 5, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>Case Manager